UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOLENE R. HAYWARD O/B/O DLRH, )<br>  )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>  )<br>    Defendant. )<br>  )<br>  )<br>  ) | No. 11-CV-061-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.19, 26.) Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Stephanie Lynn F. Kiley represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** defendant's Motion for Summary Judgment and **DENIES** plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Jolene R. Hayward protectively filed for supplemental security income (SSI) on behalf of DLRH, a minor (plaintiff), on July 15, 2008. (Tr. 83, 86.) Plaintiff alleged an onset date of January 1, 2002. (Tr. 83.) Benefits were denied initially and on reconsideration. (Tr. 43, 52.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Paul T. Hebda on September 30, 2010. (Tr. 356-403.) Plaintiff was represented by counsel and testified at the hearing. (Tr.358-71.) Plaintiff's mother, Jolene (Hayward) Lloyd, and medical expert Margaret Moore, Ph.D., also testified. (Tr. 372-403.) The ALJ denied benefits (Tr. 15-29) and the Appeals Council denied review. (Tr. 1.) The

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 14 years old and was in the eighth grade at the time of the hearing. (Tr. 358.) She attended an alternative school. (Tr. 358.) She has an individualized educational plan (IEP). (Tr. 359.) Plaintiff testified she has problems in school because she cannot be around a lot of people. (Tr. 359.) She likes to fight other girls and prefers to hang out with boys. (Tr. 359.) She takes medications to help her sleep. (Tr. 360.) She has problems controlling her anger and has been violent with other kids and her mom. (Tr. 360.) She testified she needs extra assistance with assignments at school. (Tr. 362.) The previous year she missed a lot of school because she did not like going. (Tr. 364.) She was suspended and would not do her work and would get behind. (Tr. 364.) She did not do homework because she did not think she should. (Tr. 364.) She does not like school because the work is too hard. (Tr. 366.) However, she has been doing better in school this year. (Tr. 366-67.) Plaintiff testified school is easier this year and she likes it better because she has not missed as many days and she has been getting her work done. (Tr. 367-68.) One of her teachers suggested plaintiff join the leadership program at school. (Tr. 370.)

Plaintiff's mother testified she believes plaintiff self-medicates with marijuana and alcohol. (Tr. 372.) She also testified plaintiff's behavior at school has been better but there still have been incidents. (Tr. 373.) She testified there is a distinct difference when plaintiff is on her medication and when she is not on her medication. (Tr. 373.) However, plaintiff is still irritable even when she is on the medication. (Tr. 382.) Plaintiff's mother testified plaintiff has difficulty making friends because of her temper and because she acts mean and violent. (Tr. 376.) According to plaintiff's mother, plaintiff is at a fourth grade level in school. (Tr. 379.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

[Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, 110 Stat. 105 which amended 42 U.S.C. § 1382c(a)(3). Under this law, a child under the age of eighteen is considered disabled for the purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(c(a)(3)(C)(i)(2003).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

The regulations provide a three-step process to determine whether a child is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is not engaged in substantial gainful activity, the analysis proceeds to step two. Step two requires the ALJ to determine whether the child's impairment or combination of impairments is severe. 20 C.F.R. § 416.924©. The child will not be found to have a severe impairment if it constitutes a "slight abnormality or combination of slight abnormalities that cause no more than minimal functional limitations." *Id.* If, however, there is a finding of severe impairment, the analysis proceeds to the final step, which requires the ALJ to determine whether the impairment or combination of impairments "meet, medically equal or functionally equal" the severity of a set of criteria for an impairment in the listings. 20 C.F.R. § 416.924(d).

The regulations provide that an impairment will be found to be functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas of functioning. 20 C.F.R. § 416.926a(a). To determine functional equivalence, the following six broad areas of functioning, or domains, are considered: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for self, and health and physical well-being. 20 C.F.R. § 416.926a.

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found plaintiff did not engage in substantial gainful activity since July 15, 2008, the application date. (Tr. 18.) At step two, the ALJ found plaintiff has the following severe impairment: oppositional defiant disorder. (Tr. 18.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 22.) The ALJ then determined plaintiff does not have an impairment or combination of impairments that functionally equals a listing. (Tr 22.) As a result, the ALJ concluded plaintiff has not been disabled, as defined in the Social Security Act, since July 15, 2008, the application date.

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts: (1) plaintiff has an impairment or combination of impairments that functionally equals a listing; and (2) the ALJ did not properly consider or reject the opinions of treating sources.(ECF No. 20 at 5-8.) Defendant argues the ALJ: (1) reasonably concluded plaintiff's impairment does not cause any marked or extreme limitations; and (2) reasonably gave weight to medical source opinions. (ECF No. 27 at 12-22.)

**DISCUSSION**

**1.  Opinion Evidence**

Plaintiff argues the ALJ did not properly consider or reject the opinions of treating psychologist, Dr. Kiernan, and treating psychiatrist, Dr. Emch. (ECF No. 20 at 6-8.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

**a.  Dr. Emch**

Plaintiff began seeing Dr. Emch, a psychiatrist, in July 2008. (Tr. 295.) He indicated diagnoses of bipolar disorder and ADHD. (Tr. 295.) In 2008 and 2009, Dr. Emch monitored and adjusted plaintiff's medications. (Tr. 295-96, 304, 314, 318-25.) In March 2009, he noted that when plaintiff was compliant with medication, she does quite well. (Tr. 319.) Dr. Emch completed an Individualized Functional Assessment and Case Summary form on October 7, 2009. (Tr. 348-50.) Dr. Emch identified no

limitations in the areas of communicative development/function and motor development; moderate limitations in the areas of cognitive development/function and concentration, persistence and pace; and marked limitations in the areas of social development and personal/behavioral development/function. (Tr. 348-49.) Dr. Emch again noted that when plaintiff is on her medications, she does reasonably well and her mood stabilizes. (Tr. 350.)

The ALJ summarized Dr. Emch's records and cited Dr. Emch in support of his conclusions. (Tr. 19-22, 24.) The ALJ pointed out that Dr. Emch noted "much of [plaintiff's] behavior is inappropriate but very volitional." (Tr. 24, 322.) The ALJ also cited Dr. Emch's Individualized Functional Assessment form favorably, specifically noting its consistency with the opinion of the medical expert, Dr. Moore, that plaintiff does much better when complaint with medications. (Tr. 24.) Thus, the ALJ perceived Dr. Emch's form opinion to be consistent with his finding and did not provide any reasons for rejecting Dr. Emch's opinion.

Plaintiff asserts Dr. Emch opined plaintiff had several limitations which would render plaintiff to functionally equal the listing. (ECF No. 20 at 8.) Although plaintiff's argument is not developed and is unclear, presumably plaintiff means to suggest the two marked limitations assessed on Dr. Emch's Individualized Functional Assessment form are equivalent to two marked limitations in the functional areas set forth in 20 C.F.R. § 416.926a. However, the form completed by Dr. Emch lists six categories of development, but these categories are not defined or explained and they do not appear to directly correspond to the functional areas listed in the regulations. (Tr. 348-50.) As a result, the marked limitations assessed by Dr. Emch on the Individualized Functional Assessment form do not necessarily translate to an assessment of marked limitations in two functional areas listed in the regulations. Furthermore and more importantly, the ALJ reasonably considered Dr. Emch's opinion that plaintiff's limitations are reduced by compliance with medication. This is supported by Dr. Emch's office visit notes as well as his narrative comments on the assessment. (Tr. 319, 322, 350.) The ALJ reasonably concluded Dr. Emch's opinion supports the findings and thus, the ALJ did not err in failing to reject Dr. Emch's opinion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

**b.     Dr. Kiernan**

Dr. Kiernan provided counseling and therapy for plaintiff in 2007 and 2008.[1] (Tr. 281-93, 306-07.) He diagnosed ADHD, oppositional defiant disorder and episodic mood disorder. (Tr. 293.) On October 19, 2009, Dr. Kiernan completed an Individualized Functional Assessment and Case Summary form. (Tr. 351-53.) In three functional categories, Dr. Kiernan assessed less than moderate or no evidence of limitations. (Tr. 351.) However, in the categories of social development/function, personal/behavioral development/function, and concentration, persistence and pace, Dr. Kiernan assessed limitations of "moderate to marked." (Tr. 352.) He noted the limitations in those three functional categories were "depending on response to medication and other treatment." (Tr. 352.) He also opined that plaintiff's diagnoses "are significant for concerns in regulation of emotion, socialization, academics and occupational functioning. She will most probably require multidisciplinary therapy and support long term." (Tr. 353.)

The ALJ summarized Dr. Kiernan's records for 2007 and 2008 but did not mention the Individualized Functional Assessment form completed on October 19, 2007. (Tr. 19-20.) Plaintiff asserts Dr. Kiernan's assessment form was "completed and submitted on October 19, 2009" (ECF No. 20 at 7), four days before the ALJ's October 23, 2009 decision, yet the ALJ did not mention or assign weight to the assessment. However, the ALJ cited Dr. Kiernan's records favorably, pointing out that Dr. Kiernan noted plaintiff was not completing schoolwork due to boredom. (Tr. 24, 307.) The ALJ also found Dr. Kiernan's records are consistent with the testimony of the medical expert, Dr. Moore, which generally supports findings that plaintiff does much better when compliant with medication. (Tr. 24.)

Dr. Kiernan's assessment of plaintiff's limitations as "moderate to marked" in three of the six functional categories is not equal to a marked limitation in the functional areas defined in 20 C.F.R. § 416.926a. First, as discussed, *supra*, the categories on the Individualized Functional Assessment form are not defined and it is not clear that those categories correspond to the six functional areas mentioned in the regulations. Second, a "moderate to marked" limitation suggests a limitation that is less than marked, consistent with the ALJ's findings that any limitations are less than marked. Third, Dr. Kiernan's

---

[1] Plaintiff's pediatrician, Dr. Luber, noted in July 2007 that Dr. Kiernan "has provided a psychological evaluation report" (Tr. 275), but that report is not part of the record.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

explanatory notes indicates plaintiff's response to medication and treatment dictates where plaintiff's limitations fall on the "moderate to marked" spectrum. (Tr. 352.) This suggests that when plaintiff is compliant with medication, her limitations tend toward moderate and when plaintiff is not compliant with medication, her limitations tend toward marked. This is consistent with the ALJ's finding that plaintiff does better when compliant with medication. (Tr. 24.) Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits. *Warre v. Comm'r of Soc. Sec. Admin.* 439 F.3d 1001, 1006 (9th Cir. 2006). As a result, even if the ALJ erred by failing to assign weight to Dr. Kiernan's October 19, 2009 assessment, the assessment is consistent with the ALJ's finding and any error is harmless.[2]

**2. Substantial Evidence**

Plaintiff argues there was not substantial evidence to support the ALJ's conclusion and plaintiff has an impairment or combination of impairments that functionally equaled the listings. (ECF No. 20 at 6.) Plaintiff identifies no error in the ALJ's analysis of the functional areas other than the ALJ's consideration of Dr. Kiernan's and Dr. Emch's opinions. (ECF No. 20 at 6-9. ) As discussed *supra*, the ALJ reasonably interpreted the evidence from Dr. Kiernan and Dr. Emch as supporting Dr. Moore's testimony and the ALJ's findings. (Tr. 24, 383-96.) In addition, the ALJ cited other evidence, including plaintiff's school records and state reviewing psychological opinions which support the ALJ's conclusions. (Tr. 18-24, 212-19, 244-49, 297-302, 308-13.) As a result, substantial evidence supports the ALJ's findings and there is no error.

---

[2] As long as there is substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination, the error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 26)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 19)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED September 26, 2012

                    S/ JAMES P. HUTTON
               UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9